------------------------------------------------------------------X

LUPERIO NARANJO, SR.,           :

     Movant,         :    16 Civ. 7386 (JSR)(SLC)

 -against-             :    OPINION
                    AND ORDER
UNITED STATES,            :

     Respondent.      :

------------------------------------------------------------------X

CAVE, United States Magistrate Judge:

By motion dated September 15, 2016, movant Luperio Naranjo Sr. ("Mr. Naranjo") seeks an Order granting him discovery pursuant to Rule 6 of the Rules Governing Section 2255 Proceedings. (Disc. Mot., ECF No. 3.) For the reasons set forth below, movant's motion for discovery is denied.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997); accord Charles v. Artuz, 21 F. Supp. 2d 168, 169 (E.D.N.Y. 1998); see Harris v. Nelson, 394 U.S. 286, 295 (1969). The Second Circuit has noted that "Rule 6(a) of the Rules Governing Section 2255 Proceedings . . . provides that a § 2255 petitioner is entitled to undertake discovery only when 'the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.'" Lewal v. United States, 152 F.3d 919, 1998 WL 425877 at *2 (2d Cir. 1998) (unpublished summary order).

> A petitioner "bears a heavy burden in establishing a right to discovery." Renis v. Thomas, No. 02 Civ. 9256 (DAB)(RLE), 2003 WL 22358799, at *2 (S.D.N.Y. Oct. 16, 2003) (citing Bracy, 520 U.S. at 904). In order to show "good cause," a petitioner must present "'specific allegations'" that give the Court "'reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.'" Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). A court may deny a petitioner's request for discovery "where the petitioner provides no specific evidence that the requested discovery would support his habeas corpus petition." Hirschfeld v. Comm'r of the Div. of Parole, 215 F.R.D. 464, 465 (S.D.N.Y. 2003); see also Charles v. Artuz, 21 F. Supp. 2d 168, 170 (E.D.N.Y. 1998). Generalized statements regarding the possibility of the existence of discoverable material will not be sufficient to establish the requisite "good cause." See Gonzalez v. Bennett, No. 00 Civ. 8401(VM), 2001 WL 1537553, at *4 (S.D.N.Y. Nov. 30, 2001); Green v. Artuz, 990 F. Supp. 267, 271 (S.D.N.Y. 1998); Munoz v. Keane, 777 F. Supp. 282, 287 (S.D.N.Y. 1991), aff'd sub nom., Linares v. Senkowski, 964 F.2d 1295 (2d Cir. 1992).

Ruine v. Walsh, 00 Civ. 3798 (RWS), 2005 WL 1668855 at *6 (S.D.N.Y. July 14, 2005) (alteration in original); accord Rios v. United States, 13-CV-5577 (CBA), 2016 WL 3702966 at *9 (E.D.N.Y. July 7, 2016); Vazquez v. Maccone, 12-CV-4564 (JMA), 2016 WL 2636256 at *10 (E.D.N.Y. May 6, 2016); Cooper v. United States, 08 Cr. 356 (KMK), 13 Civ. 3769 (KMK), 2015 WL 9450625 at *5 (S.D.N.Y. Dec. 22, 2015).

Furthermore, "Rule 6 does not license a petitioner to engage in a 'fishing expedition' by seeking documents 'merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error.'" Ruine v. Walsh, 2005 WL 1668855 at *6, quoting Charles v. Artuz, 21 F. Supp. 2d at 169; accord Batista v. United States, 14-CV-895 (DLI) (LB), 2016 WL 4575784 at *1 (E.D.N.Y. Aug. 31, 2016).

Here, Mr. Naranjo has failed to carry his "heavy burden" to establish his right to discovery. His motion contains "no specific evidence that the requested discovery would support his habeas corpus petition," Ruine v. Walsh, supra, 2005 WL 1668855 at *6, quoting Hirschfeld v. Comm'r of the Div. of Parole, 215 F.R.D. 464, 465 (S.D.N.Y. 2003). His claim that "[t]he evidence developed through . . . depositions will materially suppor[t] the allegations as to the 'performance' of counsel" (Disc. Mot., ECF No. 3 at 2) is merely a "[g]eneralized statement[] regarding the possibility of the existence of discoverable material, "which is insufficient to warrant discovery in a habeas proceeding. Ruine v. Walsh, supra, 2005 WL 1668855 at *6. Accordingly, Mr. Naranjo has failed to establish his right to discovery, and his motion must be denied.

For all of the foregoing reasons, the motion for discovery is denied. The Clerk of the Court is respectfully requested to mark Docket Item 3 closed and mail a copy to Movant at the address below.

Dated: New York, New York
October 2, 2019

SO ORDERED

_____
SARAH L. CAVE
United States Magistrate Judge

Copy transmitted to:

Counsel for Respondent

3

Mr. Luperio Naranjo
31-48 82nd Street
1st Fl.
Jackson Heights, New York 11370